UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARITA MILLER,

        Plaintiff,

v.

        Case No.: 23-10563
        Honorable Gershwin A. Drain

CITIZENS BANK, N.A.,

        Defendant.

_____/

**OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION TO DISMISS [#11] AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT**

**I.    INTRODUCTION**

On April 30, 2023, Plaintiff Charita Miller filed an Amended Complaint alleging Defendant Citizens Bank, N.A., violated her rights under 42 U.S.C. § 1981, and Michigan's Elliot-Larsen Civil Rights Act, MICH. COMP. LAWS § 37.2101 *et seq*. Plaintiff also brings state law claims of common law conversion and statutory conversion pursuant to MICH. COMP. LAWS § 600.2919a.

Presently before the Court is the Defendant's Motion to Dismiss, filed on May 22, 2023. Plaintiff filed her Response opposing Defendant's Motion to Dismiss on June 12, 2023, and Defendant filed its Reply on June 26, 2023. Upon review of the parties' filings, the Court concludes that oral argument will not aid in

the disposition of this matter. Accordingly, the Court will resolve the present motion on the briefs and cancels the hearing. For the reasons that follow, the Court will deny without prejudice Defendant's Motion to Dismiss and will require Plaintiff to file a Second Amended Complaint.

## II. FACTUAL BACKGROUND

Plaintiff is African American female. She has actively maintained a checking account with Defendant for two years. On June 10, 2022, Plaintiff was allegedly unlawfully terminated from her position as a medication aid with a senior living facility. Plaintiff ultimately filed suit against her former employer, and a settlement was reached between the parties. Plaintiff's former employer issued a settlement check in the amount of $7,732.00.

On February 24, 2023, Plaintiff visited Defendant's Warren Woodmont branch with the intention of depositing her check into her checking account, with a number ending in 6288. The settlement check identified Plaintiff's former employer. A few days later, Plaintiff realized that the check she presented at the Woodmont branch had not been deposited because the funds were not in her checking account.

On March 6, 2023, Plaintiff returned to the bank to inquire about her check and ask why the check had not yet been deposited. Defendant informed Plaintiff that her check was on "hold" because Defendant needed to further investigate.

Defendant also informed Plaintiff that her funds would not become available until July 5, 2023.  In an effort to expedite Defendant's investigation, Plaintiff showed Defendant's employees the signed settlement agreement, and the closing letter from her lawyer.  Nevertheless, Defendant's employees refused to cash her check and declined to return the check to her.  Plaintiff asserts that Defendant's employees humiliated her in front of several other customers.  Plaintiff recalls speaking with a customer service employee named Nicole, and a bank teller named Hassan, as well as a manger named Lori.

     Plaintiff further alleges that Defendant's employees initially informed her that the check was on hold because some of the information on the check was not consistent with the other information on the check.  However, after Plaintiff's lawyer contacted the bank regarding the potential illegality of its employees' actions, Defendant altered its reason for placing a hold on the check.  Specifically, in a subsequent letter, Defendant maintained the reason for the hold was due to the paying bank's failure to verify the funds.

     Plaintiff asserts that she "did not enjoy the privileges and benefits of her contracted experience because Defendant deprived [her] of one of the basic functions of a bank—depositing a check into [her] account . . . ." ECF No.8, PageID.43.  Plaintiff further alleges that Defendant "treat[ed] Plaintiff less favorably than other individuals, [by] refus[ing] to deposit [her] check, [and]

withhold[ing] [her] check." *Id.* Plaintiff maintains Defendant's discriminatory actions were based on her race. While it is not alleged in her Amended Complaint, in the Response brief, Defendant asserts that it deposited her check on March 7, 2023. Plaintiff initiated the instant action on March 9, 2023.

### III. LAW & ANALYSIS

#### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual

allegations present plausible claims. To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations and quotations omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001). Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B. Defendant's Motion to Dismiss

In order to state a claim under 42 U.S.C. § 1981, Plaintiff must plead that (1) she belongs to an identifiable class of persons who are subject to discrimination based on their race, (2) Defendant intended to discriminate against her on the basis of her race, and (3) Defendant's discriminatory conduct abridged a right enumerated in 42 U.S.C. 1981(a*). See Amini v. Oberlin College*, 440 F.3d 350, 358 (6th Cir. 2006) (citing *Christian v. Wal-Mart Stores, Inc*., 252 F.3d 862, 871-72 (6th Cir. 2001)).

Defendant concedes that Plaintiff satisfactorily pleads the first prong of *Amini*; however, Defendant argues she has failed to allege plausible facts to state a viable § 1981 claim because she has failed to plead that: (1) Defendant intended to discriminate against her on the basis of race, and she does not claim (2) any allegedly discriminatory conduct abridged any statutorily proscribed right. Defendant also maintains the Court should decline to exercise supplemental jurisdiction over her state law claims because the case is in its infancy and she has failed to plausibly allege her federal claim under § 1981.

Plaintiff responds that this case deserves to proceed to discovery when Defendant ignored its own corporate policy; specifically, when its employees told a customer that her check would be on hold for 131 days. Moreover, Plaintiff

argues that Defendant's employees could not contemporaneously articulate any justification for the bank's treatment of the situation.

Here, the Court finds that some of Plaintiff's allegations in support of the second element of her § 1981 claim are "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. Moreover, in her Response, Plaintiff asserts facts that are not present in her Amended Complaint, such as, "Plaintiff was treated with guarded suspicion[,]" and informed the check was being investigated to confirm its "legitimacy." ECF No. 14, PageID.76. Plaintiff fails to identify the race of the Defendant's employees and does not further delineate all of the statements they made that amount to "guarded suspicion." However, the Court concludes that Plaintiff should be permitted to file a Second Amended Complaint to rectify these problems. *See United States Ex. rel. Bledsoe v. Cmty. Health Sys.*, 342 F.3d 634, 644 (6th Cir. 2003)(holding that where a more carefully drafted complaint might state a claim, a plaintiff must be given an opportunity to amend her pleading before the district court dismisses the action with prejudice.)

The Court further finds that some of Plaintiff's factual allegations plausibly show Defendant's employees intended to discriminate against Plaintiff on the basis of her race. For instance, Plaintiff's Amended Complaint alleges that Defendant's first explained to Plaintiff her check was on hold because some of the information on the check was inconsistent with other information on the check. *See* ECF No.

7

8, PageID.41, ¶ 25. She further alleges that once her attorney became involved, Defendant changed its reason for the hold and claimed the paying bank was at fault. *Id.*, ¶ 29. She also claims that she was humiliated in front of other customers, even though she showed Defendant's employees her settlement agreement and attorney's closing letter in order to establish the legitimacy of her check. *Id.*, PageID.39, ¶ 20. Nevertheless, Defendant refused to cash her check and informed her that the funds would not be available until July 5, 2023, or roughly four and a half months after she deposited her check. *Id.*, PageID.38, ¶ 19, PageID.40, ¶ 22.[1]

As to the third element of Plaintiff's § 1981 claim, the Court disagrees with Defendant that she has failed to set forth sufficient factual details to allege Defendant's conduct abridged a right enumerated in the statute. Title 42 U.S.C. § 1981 states that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens[.]" 42 U.S.C. § 1981. Moreover, § 1981 is applicable in the context of goods and services, including banking. *Brown v. Hartford Bank*, No. ELH-21-0096, 2022 U.S. Dist. LEXIS 38626, at *19 (D. Md. Mar. 4, 2022) (citing *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004)). Plaintiff's

---

[1] While Defendant maintains it cashed Plaintiff's check on March 7, 2023, this fact is not alleged in her Amended Complaint, nor has Defendant attached any documentary support for this assertion.

Amended Complaint alleges that the Defendant deprived her of the privileges and benefits of her contract with the bank by refusing to deposit her check when it does not similarly refuse to deposit white bank patrons' checks. *See* ECF No. 8, PageID.43, ¶¶ 36-37. *See Brown*, 2022 U.S. Dist. LEXIS, 38626, *27 (collecting cases).

Defendant's assertion that Plaintiff's sole allegation is that the bank merely placed a hold on her check is not well taken. Defendant is alleged to have done more than place a mere hold on her check. Defendant placed a hold on Plaintiff's check, refused to acknowledge the settlement agreement and letter as proof of its legitimacy, gave a different reason for the hold once Plaintiff's attorney became involved, and informed her that the funds would not be available for four and a half months.

## IV. CONCLUSION

Accordingly, for the reasons articulated above, Defendant's Motion to Dismiss [#11] is DENIED WITHOUT PREJUDICE.

Plaintiff shall file a Second Amended Complaint no later than October 12, 2023. Defendant shall file an answer or otherwise respond to Plaintiff's Second Amended Complaint no later than November 13, 2023.

9

SO ORDERED.

Dated: September 18, 2023          /s/Gershwin A. Drain
                                   GERSHWIN A. DRAIN
                                   United States District Judge


CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 18, 2023, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager