UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARITA MILLER,

        Plaintiff,

v.

        Case No.: 23-cv-10563
        U.S. DISTRICT COURT JUDGE
        GERSHWIN A. DRAIN

CITIZENS BANK, N.A.,

        Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THIS COURT'S OCTOBER 17, 2024 ORDER MODIFYING SCHEDULING ORDER [#30]

Presently before the Court is Plaintiff Charita Miller's Motion for Reconsideration of this Court's October 17, 2024 Order Modifying Scheduling Order [#30], filed pursuant to Local Rule 7.1(h) and Federal Rule of Civil Procedure 59(e) on October 17, 2024. Plaintiff claims reconsideration is warranted because Defendant Citizens Bank, N.A. did not demonstrate "good cause" to modify the scheduling order, as is required by Federal Rule of Civil Procedure 16(b)(4).

Local Rule 7.1(h) allows a party to file a motion for reconsideration. However, a motion for reconsideration that "presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). Instead, a motion for reconsideration should be granted if the movant demonstrates "a palpable defect by which the court and the parties have been misled" and "that correcting the defect will result in a different disposition of the case." *DirecTV, Inc. v. Karpinsky*, 274 F. Supp. 2d 918, 921 (E.D. Mich. 2003).

Plaintiff fails to meet this burden. Instead, her argumentation centers around the strategic edge she will lose if Defendant is allowed to conduct discovery. When considering Defendant's motion, the Court gave thought to the potential undue prejudice an amended scheduling order would have on Plaintiff, ultimately concluding that no such prejudice exists. The Court found it significant that Plaintiff, too, was operating beyond the deadlines set forth in the original scheduling order, filing her preliminary lay witness list on September 5, 2024— four months after the April 5, 2024 deadline set forth in the Court's original scheduling order. Plaintiff cannot have it both ways.

Accordingly, Plaintiff's Motion for Reconsideration [#30] is DENIED.

Furthermore, even though the scheduling order has been modified, the

parties are still required to appear for the settlement conference set by Magistrate Judge Kimberly G. Altman on November 20, 2024 at 10:00 a.m.

SO ORDERED.

Dated: October 18, 2024  /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 18, 2024, by electronic and/or ordinary mail.
/s/ Marlena Williams
Case Manager